# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00213-COA

**OLEVIA DAVIS**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

DATE OF JUDGMENT:              01/10/2019
TRIAL JUDGE:                  HON. LAWRENCE PAUL BOURGEOIS JR.
COURT FROM WHICH APPEALED:    HARRISON COUNTY CIRCUIT COURT,
                              SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: GEORGE T. HOLMES
                                  MOLLIE MARIE McMILLIN
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:            JOEL SMITH
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 01/07/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Olevia Davis was convicted of possession of a firearm by a convicted felon. He was sentenced as a habitual offender to serve eight years in the custody of the Mississippi Department of Corrections. Finding no arguable issues for appeal, Davis's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Davis was given additional time to file a supplemental brief but did not.

## FACTS

¶2.     While at the Elks Lodge in Biloxi, Mississippi, for a dance contest, Davis had an

altercation with another patron. Gerrell Elzy, the security guard at the Lodge, did not witness the beginning of the altercation but did see Davis charge another man while brandishing a broken bottle. After attempting to calm Davis, Elzy removed him from the premises. Outside, Elzy witnessed Davis arguing again with the same man from inside the Lodge. Elzy heard Davis say he would be back and then saw him walk across nearby railroad tracks. Elzy testified that Davis returned approximately thirty minutes later holding a gun. While Elzy was calling 911, he saw Davis fire the gun into the air. Davis left again, walking back across the railroad tracks between two houses. Elzy, still on the phone with a 911 operator, followed Davis.

¶3. Law enforcement officers arrived quickly, and Elzy identified Davis as the man who had fired the gun into the air. Davis was arrested and searched but was not armed. After a search, officers found the gun behind the house that Elzy saw Davis run behind.

¶4. Davis testified in his defense that he never had a gun and that Elzy confused him with the man from the fight inside the Lodge.

**DISCUSSION**

¶5. Here, Davis's appellate counsel complied with the requirements set forth in *Lindsey*. *See Lindsey*, 939 So. 2d at 748 (¶18). Davis's appellate counsel stated that they reviewed the following: (a) the reason for the arrest and the circumstances surrounding Davis's arrest; (b) any possible violations of Davis's right to counsel; (c) the entire trial transcript and contents of the record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible

2

misapplication of the law in sentencing; (i) the indictment and all of the pleadings in the record; (j) any possible ineffective assistance of counsel; and (k) whether the verdict is supported by the overwhelming weight of the evidence.

¶6. Our independent and thorough review of the record has not revealed any arguable issues that would warrant reversal. *See Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Accordingly, we affirm Davis's conviction and sentence.

¶7. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**